## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW LADENDORF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | No. 12-1299 |
| | ) | |
| MAINE TOWNSHIP HIGH SCHOOL | ) | |
| DISTRICT 207, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### COUNT I
### VIOLATION OF LADENDORF'S CIVIL RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

The Plaintiff, ANDREW LADENDORF (hereinafter referred to as "LADENDORF"), and for his complaint against the Defendant, MAINE TOWNSHIP HIGH SCHOOL DISTRICT 207 (hereinafter referred to as "DISTRICT 207"), states:

1.     This action is brought for damages sustained by LADENDORF by reason of DISTRICT 207's violation of his civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2.     LADENDORF is a citizen of the United States and is a resident of the Northern District of Illinois.

3.     DISTRICT 207 is a public school district located at 1131 South Dee Road Park Ridge, IL 60068 which educates students from grade nine through grade 12.

Currently, DISTRICT 207 has three high schools including Maine West High School, Maine South High School and Main East High School.

4.     At all time relevant hereto, Maine West High School was located at 1755 South Wolf Road Des Plaines, IL 60018.

5.     At all times relevant hereto, DISTRICT 207 was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

6.     This Court has jurisdiction pursuant to 42 U.S.C § 2000 (e-5)(f)(1) and pursuant to 28 U.S.C. § 1331 and 1343.

7.     Venue is appropriate in this Court pursuant to 42 U.S.C. § 2000 (e-5)(f)(3).

8.     In June, 2008, LADENDORF was hired by DISTRICT 207 in the Fine Arts/Music Department at Maine West High School.

9.     During LADENDORF's employment, it was the policy of DISTRICT 207 not to discriminate against an employee on the basis of his sex.

10.     Notwithstanding DISTRICT 207's policy, commencing in the February, 2011, DISTRICT 207 engaged in a pattern and practice of sex discrimination against LADENDORF and other male employees.

11.     DISTRICT 207's sex discrimination was most prominent in terms of the performance reviews that LADENDORF received as of 2011.

12.     Up to 2011, LADENDORF received excellent performance reviews.

13.     In fact, Principal Haugan repeatedly commended LADENDORF on the work that he did with the orchestra at Maine West High School.

2

14.     Commencing in February, 2011, the District decided to get rid of LADENDORF because of his sex.

15.     On February 4, 2011, LADENDORF met with Principal Haugan to review his summative evaluation.

16.     Principal Haugan indicated that LADENDORF's classroom approach was one of inconsistency, his orchestras did not rise to performance standards clearly demonstrating high expectation and achievement and that he did not devote adequate attention to academic and score preparation in his daily classroom preparations.

17.     Moreover, Principal Haugan indicated that LADENDORF's classroom environment indicated inconsistencies in student expectations and that his attention and mastery in fulfilling the expectations of District, school and department policies and procedures had not been met in a satisfactory manner.

18.     Principal Haugan decided and recommended to the District to not retain LADENDORF for the 2011-2012 school year because of his sex.

19.     DISTRICT 207's concocted reasons concerning LADENDORF's performance and terminating him based on those concocted reasons were merely pretexts for its unlawful sex discrimination.

20.     DISTRICT 207 has, therefore, discriminated against LADENDORF because of his sex in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (e-2)(a)(1), as amended by the Civil Rights Act of 1991.

21.     On or about July, 8, 2011, pursuant to 42 U.S.C. Section 2000 (e-5) and regulations issued thereunder, LADENDORF filed a complaint of discrimination with the Equal Employment Opportunity Commission.

22.     Pursuant to his request, on or about January 23, 2012, LADENDORF received his notice of right to sue. A true and correct copy of this notice of right to sue is attached hereto as **Exhibit A.**

23.     Less than ninety (90) days have expired since LADENDORF's receipt of this notice of right to sue.

24.     DISTRICT 207's violation of LADENDORF's rights under Title VII Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused LADENDORF pecuniary damages.

WHEREFORE, the Plaintiff, ANDREW LADENDORF requests that this Court enter judgment in his favor and against the Defendant, MAINE TOWNSHIP HIGH SCHOOL DISTRICT 207 as follows:

i.      Enjoining DISTRICT 207 from engaging in such unlawful employment practices as alleged in this complaint;

ii.     Requiring DISTRICT 207 to rehire LADENDORF to his position of orchestra teacher at a rate of pay comparable to what he would have been receiving if not for the civil rights violations committed against him by DISTRICT 207;

iii.    Making LADENDORF whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DISTRICT 207;

4

iv.     Alternatively, in the event, DISTRICT 207 is unwilling to hire LADENDORF, that LADENDORF be awarded front pay;

v.     Awarding LADENDORF compensatory and punitive damages in amounts authorized under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991;

vi.     Awarding LADENDORF attorney's fees and costs pursuant to 42 U.S.C. § 2000(e-5)(k) and pre-judgment interest; and

vii.     Awarding LADENDORF such other relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

**COUNT II**
**INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE**

The Plaintiff, ANDREW LADENDORF (hereinafter referred to as "LADENDORF"), and for his complaint against the Defendant, MAINE TOWNSHIP HIGH SCHOOL DISTRICT 207 (hereinafter referred to as "DISTRICT 207"), states:

1.     This Court has jurisdiction of this matter pursuant to this Court's supplemental jurisdiction as provided for in 28 USC Section 1367.

2-4.     LADENDORF repeats, realleges and incorporates by reference paragraphs 2-4 of Count I as paragraphs 2-4 of Count II.

5-12.     LADENDORF repeats, realleges and incorporates by reference paragraphs 8, 12-18 of Count I as paragraphs 5-12 of Count II.

13.     After he was notified that DISTRICT 207 was not going to rehire him for the 2011-2012, LADENDORF undertook efforts to seek employment at other high schools in the Chicagoland area.

14.     At the time that LADENDORF undertook his search, an orchestra director position was available at Highland Park High School.

15.     On April 7, 2011, LADENDORF submitted his application for this position.

16.     At all time relevant hereto, employees of DISTRICT 207 knew that LADENDORF was applying for the position at Highland Park High School.

17.     Thereafter, employees of DISTRICT 207 engaged in communications with employees of Highland Park High School to insure that LADENDORF would not even get an interview for the position at Highland Park High School.

18.     The conduct of DISTRICT 207 was intentional and unjustified and it was undertaken in conscious disregard of the irreparable harm that it would cause LADENDORF.

19.     Employees of DISTRICT 207 were not privileged to make any comments to employees of Highland Park High School since they made these comments solely for the purpose of harming LADENDORF and not for the benefit of the students of DISTRICT 207 and not for procuring any favorable government action.

20.     As a direct and proximate result of DISTRICT 207's misconduct, Highland Park High School did not hire LADENDORF as its Director of Orchestra.

21.     But for the intentional misconduct of employees of DISTRICT 207, LADENDORF would have been interviewed and would have had the opportunity to receive the Director of Orchestra position at Highland Park High School for the 2011-2012 school year.

22.     The wrongful acts of employees of DISTRICT 207 have directly jeopardized LADENDORF's business and have, therefore, injured and damaged him.

WHEREFORE, the Plaintiff ANDREW LADENDORF requests that this Court enter judgment in his favor and against the Defendant, MAINE TOWNSHIP HIGH SCHOOL DISTRICT 207 as follows:

i.     Awarding LADENDORF compensatory damages in an amount to be determined at trial for the Defendant's intentional and unjustified interference with his prospective business relationship with School District 113 of Highland Park High School;

ii.     Awarding LADENDORF costs and any other relief this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

Joel F. Handler (#1115812)
55 W. Wacker Drive, Suite 950
Chicago, Illinois 60601
(312) 621-0008

Attorney for the Plaintiff,
ANDREW LADENDORF

7